IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| vs. | ) CRIMINAL NO. 13-0100-CG-B |
| | ) |
| MICHAEL ELDRIDGE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

This matter is before the court on defendant's motion to suppress (Doc. 21), and the response thereto of the United States (Doc. 28). Upon review of the parties' submissions, the court finds that an evidentiary hearing will not be necessary.

Defendant's motion seeks suppression of evidence obtained pursuant to a search warrant of the hotel room where the defendant was then residing. Defendant objects to the propriety of the search, contending that the affidavit in support of the warrant was insufficient to establish probable cause. The affidavit for the warrant included the following:

> Within the last 12 hours a confidential informant, gave information to myself and Det. Zack Fluker regarding Michael Eldridge being at room 208 of the Red Carpet Inn with a large amount of crack cocaine. While at the room, the CI witnessed a large quantity of Cocaine on a dresser in the room that was described as being several ounces. This suspect and location is also the subject of several complaints that have been filed with my agency.
> This agent believes that illegal narcotics are being stored at this residence. Said property is contraband and sale and possession of the said contraband would constitute Unlawful Distribution of a Controlled Substance as prescribed by the Code

> of Alabama Title 13A-12-211 and Unlawful Possession of a Controlled Substance as prescribed by Code of Alabama Title 13A-12-212.
>
> The hotel is a multiple block dwelling located at 1100 US Highway 80 East, Demopolis, AL. The room is on the south side of the hotel and the first door from the southwest corner of the building. Premises to be searched includes residence, curtilage, all outbuildings, structures, parcels, packages, and vehicles whether locked or unlocked and all persons on the premises.

(Doc. 21-1). The court finds that the affidavit provides scant, but sufficient, basis to establish probable cause and that even if the affidavit was insufficient, the officers were justified in relying upon it in good faith. See United States v. Leon, 468 U.S. 897, 909, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984) (finding evidence obtained in the reasonable good-faith belief that a search or seizure was in compliance with the Fourth Amendment was not subject to suppression).

Defendant's arguments center around the sufficiency of the affidavit and whether probable cause was established. The court begins with recitation of well-established law on probable cause:

> "[P]robable cause is a fluid concept--turning on the assessment of probabilities in particular factual contexts[.]" To avoid "rigid" legal rules, Gates changed the "two- pronged test" of Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), into a totality of the circumstances test. See Gates, 462 U.S. at 230-35, 103 S.Ct. 2317. Under the Gates totality of the circumstances test, the "veracity" and "basis of knowledge" prongs of Aguilar, for assessing the usefulness of an informant's tips, are not independent. "[T]hey are better understood as relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for ... by a strong showing as to the

2

>other[.]" Illinois v. Gates, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).  at 233, 103 S.Ct. 2317.

United States v. Brundidge, 170 F.3d 1350, 1352-53 (11th Cir. 1999). The "duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for…concluding that probable cause existed." Gates, 462 U.S. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)). Of course, "[a]n affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause," and "wholly conclusory" statements do not meet the probable cause requirement. Gates, 462 U.S. at 239. "Information [in the warrant application] must be timely for probable cause to exist, for probable cause must exist at the time the magistrate judge issues the search warrant." United States v. Magluta, 198 F.3d 1265, 1271-72 (11th Cir. 1999), vacated in part on other grounds, 203 F.3d 1304 (2000), quoting United States v. Green, 40 F.3d 1167, 1172 (11th Cir. 1994) and United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994).

The defendant asserts that the affidavit could not have provided probable cause for the warrant because the affidavit fails to establish that the confidential informant was reliable or that any of the information from the informant was corroborated. Analyzing the affidavit under the totality of the circumstances, the court finds that the information contained in the warrant, although slim, is sufficient to establish probable cause. The affidavit does not offer evidence of the informant's history of reliability. However, while such information is relevant to a probable cause determination, it is not required

3

to be set forth in the affidavit if there is other evidence under the totality of the circumstances to support a probable cause finding.

> [U]nder the totality-of-the-circumstances analysis announced in *Gates*, "veracity" and "basis of knowledge" are no longer viewed as independent prerequisites to a finding of probable cause: "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability" such as corroborating evidence gathered by law enforcement. [Gates, 462] at 233, 103 S.Ct. at 2329.

U.S. v. Foree, 43 F.3d 1572, 1576 (11th Cir. 1995). In the instant case, the affidavit lists information provided to police by a confidential informant. This information includes the amount, type and location of a large quantity of drugs, which the informant personally witnessed in the defendant's hotel room within 12 hours of when the affidavit was submitted. An "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles [the informant's] tip to greater weight than might otherwise be the case." Gates, 462 U.S. at 233.

"Other indicia of reliability" includes independent police work that corroborates the information given by the informant. Foree, 43 F.3d at 1576. Even though the specifics of the complaints were not included in the affidavit, it is clear that Demopolis Police Narcotics officers had received other complaints regarding the defendant's activities at the hotel room. This corroboration provided some indicia of the informant's reliability, although independent police corroboration of a confidential source's information, per

4

se, is not required. See United States v. Brundidge, 170 F.3d 1350, 1353 (11th Cir. 1999).[1] Corroboration may also be accomplished by creating circumstances under which the informant is unlikely to lie. Foree, 43 F.3d. at 1567. Here, if information had proved to be false, that fact would have been quickly discovered, making it unlikely the informant would lie. Thus, the court concludes that under the totality of the circumstances the affidavit establishes the informant's reliability and that "the magistrate had a substantial basis for…concluding that probable cause existed." Gates, supra.

The defendant also asserts that the good faith exception to the exclusionary rule does not apply because the search warrant was so lacking in probable cause that no reasonable officer would have relied on it. Under the exclusionary rule, "evidence seized as the result of an

---

[1] Here Eleventh Circuit affirmed the district court's denial of a motion to suppress where the appellant attacked the reliability of the confidential informant, the Court stated:
> [The defendant's] main contention is that probable cause for the search warrant did not exist because the affidavit failed to reflect independent police corroboration of the CI's story. But we think requiring independent police corroboration--as a per se rule in each and every case--is contrary to *Gates* and other precedent for two reasons. First, as we have discussed, *Gates* criticizes per se rules for the determination of probable cause. Second, independent police corroboration has never been treated as a requirement in each and every case. *See* United States v. Harris, 403 U.S. 573, 576, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) (approving, without discussing corroboration, an affidavit with no police corroboration); United States v. Farese, 612 F.2d 1376, 1378 (5th Cir. 1980) (even though some corroboration of informant's story took place, probable cause likely existed without corroboration).

Brundidge, at 1353 (internal footnote omitted).

5

illegal search may not be used by the government in a subsequent criminal prosecution." United States v. Martin, 297 F.3d 1308, 1312 (11th Cir. 2002)., citing United States v. Calandra, 414 U.S. 338, 348, 94 S. Ct. 613, 38 L.Ed.2d 561 (1974).  The good faith exception to the exclusionary rule allows admission of evidence obtained by police acting in reasonable reliance upon a search warrant. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).  The good faith exception applies in all but four circumstances:

> (1) the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role . . . ;(3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.

United States v. Cruse, 343 F. App'x 462, 464 (11th Cir. 2009)(citing Martin, 297 F3d at 1313).

      The defendant makes no argument that the judge was misled, but does contend that the issuing judge wholly abandoned his judicial role in that the breadth of the search authorized demonstrates that the judge either failed to read the warrant or delegated to the officers effecting it unfettered discretion.

      Specifically, the defendant objects to the authorization to search vehicles, and the catch-all provision in the warrant stating "[a]ny and all

6

other material evidence of violations of 13A-123-231, Code of Alabama, 1975, together with fruits, instrumentalities and evidence of crimes at this time unknown." Although the affidavit does not contain a particular description identifying the vehicles to be searched, the judge's decision to include vehicles in the search warrant is supported by the affidavit which provides "vehicles" in its list of premises to be searched and confirms that the affiant "has probable cause to believe" the controlled substance was concealed there. (Doc. 26-1).  Because the probable cause existed to believe a search of the defendant's motel residence would yield drug-related evidence, the warrant permissibly authorized the search of vehicles parked on the premises. Moreover, a search of vehicles located on the premises to be searched is valid even if the search warrant had been silent as to the vehicles.  United States v. Cole, 628 F.2d 897, 899-900 (5th Cir. 1980)[2]

As to the catch-all provision, prior decisions by the 11th Circuit and the Supreme Court make clear that this type of comprehensive language does not render a search warrant facially deficient. See Andresen v. Maryland, 427 U.S. 463, 480 n. 10,(1976) (concluding that a warrant listing specific items to be seized and ending with "together with other fruits, instrumentalities, and evidence of crime at this (time) unknown" did not render it an invalid "general" warrant); Cruse, 343 Fed. Appx. 462, 465 (holding that a warrant

---

[2] All decisions of the former Fifth Circuit handed down before October 1, 1981 are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

7

which listed specific items and locations to be seized and included a "catch-all" provision is not rendered "so facially deficient…that the executing officers cannot reasonably presume it to be valid"). Consequently, the court finds the judge in this case did not wholly abandon his judicial role nor was the search warrant facially deficient.

## CONCLUSION

For the reasons stated above, defendant's motion to suppress (Doc. 21), is **DENIED**.

**DONE and ORDERED** this 14th day of June, 2012.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE